**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hurist JOUBERT, Defendant–
Appellant.**

No. 01–30324.
D.C. No. CR–97–A–00065–JKS.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM **

Hurist Joubert appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to correct his 210–month sentence, imposed following his conviction for distributing cocaine and crack cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing for abuse of discretion, *United States v. Sprague,* 135 F.3d 1301, 1304 (9th Cir.1998), we affirm.

Joubert first contends that the district court lacked jurisdiction to sentence him because the indictment did not charge 21 U.S.C. § 841(b), the penalty provision of his offense, nor did it allege the drug type and quantities involved. Joubert's contention has been foreclosed by *United States v. Cotton,* —— U.S. ——, —— – ——, 122 S.Ct. 1781, 1784–85, 152 L.Ed.2d

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

860 (2002) (deciding that failure to include in an indictment a fact that enhances the statutory maximum does not deprive a court of jurisdiction, but goes only to the merits of the case); *cf.* *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110–11 (9th Cir.2002) (finding no error where district court determined drug quantity by preponderance of evidence and sentenced defendant below 20–year statutory maximum under 21 U.S.C. § 841(b)(1)(C)).

█ Joubert next appears to argue that Amendment 591 of the Sentencing Guideline prohibits the district court from considering any relevant conduct in determining the applicable offense guideline (in this case U.S.S.G. § 2D1.1). This contention lacks merit because the plain text of Amendment 591 does not prevent a court from determining the applicable offense guideline based on uncharged, relevant conduct. *See* U.S.S.G. Amendment 591 (2000). Further, the commentary to Amendment 591 recognizes that relevant conduct continues to be appropriate under U.S.S.G. § 1B1.3. *Id.; see also* U.S.S.G. § 1B1.3 (explicitly allowing consideration of relevant conduct to determine appropriate base offense level and specific offense characteristics).

Accordingly, the district court did not abuse its discretion in denying Joubert's § 3582(c)(2) motion for reduction of his sentence.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.